The negro slave in question was the property of George Bell, who by his will bequeathed the same to his widow for life, with remainder to the plaintiffs Keturah, Clorinda, or Cloe, and Mary David. The testator died in 1794, and the executor, having proved the will, assented to the legacy, and put the slave into the possession of the tenant for life, who in 1796 died. In the same year one Nathaniel Pinkham took actual adverse possession of the slave, claiming her as his own, and retained possession until 1815, when he sold her to Thomas cook, who took and retained possession until his death, when the slave passed into the hands of the defendant as the administrator of Thomas Cook, and he hath ever since retained possession.
At the time the adverse possession of Pinkham commenced the plaintiff Keturah was an idiot and infant, and hath continued non compos mentis ever since. *Page 331 
The plaintiff Clorinda was born in April, 1782, and died an infant in 1802, and this action was brought within three years after the first letters of administration granted of her estate.
The plaintiff, Mary Davis, was born January 1787, and was (609) married in 1803, then an infant under the age of 21, and hath continued covert of her said husband, the plaintiff Thomas C. Davis, ever since.
This action was brought 18 February, 1822. If, upon these facts, the action of the plaintiffs is barred by the statute of limitations, then the verdict to be set aside and a nonsuit entered; if otherwise, the verdict to stand and judgment to be entered.
The presiding judge held that the action was not barred by the statute, and rendered judgment accordingly, whereupon the defendant appealed.
The disabilities expressed in our statute of limitations have all the same effect; neither of them is greater or less than another. A person, whether laboring under all or any of them, is equally excused bringing suits, because all or any one of them incapacitates and destroys free agency. All of them create no greater incapacity than one of them. Incapacity excuses from suing, and incapacities arise from the different sources mentioned in the acts. If, then, one disability excuses from not suing as much as all would, and all disabilities are precisely alike, it would follow that if any of these disabilities existed at the time when the action accrued, the person laboring under them should be excused for not suing whilst any of them continue. If there is no disability at the time the action accrues, the statute of limitations will not be suspended by any intervening one, because at the time the action accrued the person was a free agent and might have commenced one. I am aware that by taking the disabilities mentioned in our act in detail, and considering them as distinct provisions, by a strict grammatical construction, we may arrive at different results, because, strictly speaking, no particular disability creates an incapacity unless it existed (610) at the time the action accrued. But this construction, in my opinion, goes round the spirit of the act, and is an example of the maxim Qui haeret in litera, haeret in cortice. As far as I can learn, the construction I have given it is the one that has been heretofore put upon it. I, therefore, think judgment should be entered for the plaintiff.